UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AFTON DETJEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-CV-01590-NCC |
| | ) | |
| THERMO FISHER SCIENTIFIC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 60).

Defendant filed a Memorandum in Support (Doc. 68).  Plaintiff filed a Memorandum in

Opposition (Doc. 75).  Defendant filed a Reply (Doc. 80-1).  The parties have consented to the

jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. §

636(c) (Doc. 13).  For the following reasons, Defendant's Motion will be **GRANTED**.

## I.  Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for

summary judgment if "there is no genuine issue as to any material fact and the moving party is

entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The burden is on the moving party.  *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*,

838 F.2d 268, 273 (8th Cir. 1988).  Once the moving party demonstrates that there is no genuine

issue of material fact, the nonmovant must do more than show there is some doubt as to the facts.

*Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the

nonmoving party bears the burden of setting forth affirmative evidence and specific facts by

affidavit and other evidence showing a genuine factual dispute that must be resolved at trial.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324.  "A dispute

about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson*, 477 U.S. at 248).  In ruling on a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the nonmoving party.  *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005).  The evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## II.  Facts[1]

### A.  EEOC Charge

On June 23, 2020, Plaintiff Afton Detjen ("Plaintiff") filed an EEOC charge of discrimination ("EEOC Charge") against Defendant Thermo Fisher Scientific ("Defendant") (Doc. 69-1).  Plaintiff checked the boxes for discrimination based on race, sex, and retaliation (*id.*).  In the "particulars" section, Plaintiff alleged:

> On or around 10/10/2011 I was hired by the above named employer as a Bio Pharmaceutical Technician.  I filed an EEOC complaint against my employer and subsequently, I have been denied promotions in retaliation.
>
> After I was issued a notice of rights to sue in 2019, I applied for a position [of] Production Supervisor and I was never interviewed.  This happened 3 more times for different positions where I was not interviewed or interviewed and was not selected.
>
> For the above reasons, I believe that I was not promoted, because of my race, African American, my sex, female and in retaliation after I engaged in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(*id.*).  Plaintiff alleged that the discrimination occurred between January 12, 2018 at the earliest and March 3, 2020 at the latest (*id.*).

---

[1] The facts are taken from Defendant's Statement of Uncontroverted Material Facts (Doc. 69) and Plaintiff's Response to Statement of Material Facts (Doc. 76), in accordance with the summary judgment standard.

**B. Complaint**

On November 6, 2020, Plaintiff filed her complaint in this action.[2]  Plaintiff checked

boxes for discrimination based on failure to hire, failure to promote, and retaliation (Doc. 1 at 4),

and for discrimination based on race and gender (*id.* at 5).  Plaintiff alleged as follows:

> After complaining at the highest levels of Thermo Fisher that I was subject to
> adverse employer actions due to a covered pregnancy related issue, I have been
> retaliated against and harassed and the activity continues to date.  Each time I
> engaged in protected activity with the EEOC retaliation ensued.  To date I have
> been denied promotion/transfer internally over 300 times since January 2019.
> Thermo Fisher management has encouraged their supervisory staff to harass and
> intimidate me.  This will not be a circumstantial case.  I am in possession of
> several documents to cement my claims.  I would like to call about 20 witnesses
> to testify.

(*id.* at 5-6).  Plaintiff alleged that the discrimination occurred "January 2016-Present" (*id.* at 3).

**C. Previous EEOC Charge and Job Applications**

Plaintiff filed the previous EEOC charge referenced in her complaint ("Previous EEOC

Charge") on July 15, 2019 (Doc. 76 ¶ 12).  On September 24, 2019, Plaintiff applied for a

Process Engineer I position (*id.* ¶ 23).  Plaintiff interviewed for the job in December 2019 but

was not selected (*id.* ¶ 32).  On October 2, 2019, Plaintiff applied for a Process Engineer II

position (*id.* ¶ 33).  Plaintiff was not the most qualified candidate and was not selected (*id.* ¶¶ 41-

42).  On January 9, 2020, Plaintiff applied for a Manufacturing Supervisor position (*id.* ¶ 44).

Plaintiff asserts that she repeatedly applied for a Suite 3 Manufacturing Supervisor position and

that she also applied for Manufacturing Supervisor positions in Suite 6 and Suite 9 in the spring

of 2020 (*id.*).  On February 6, 2020, Plaintiff applied for a Scientific Marketing Intern position

(*id.* ¶ 52).  The internship was canceled in March 2020 due to the COVID-19 pandemic and was

---

[2] Plaintiff was self-represented until February 22, 2022 when counsel entered his
appearance (Doc. 54).

not filled by anyone (*id.* ¶ 55).

### III. Analysis

#### A. Unexhausted Claims

Defendant argues that Plaintiff failed to exhaust her administrative remedies as to any claims of discrimination based on race, sex or gender, pregnancy, or hostile work environment, and that Plaintiff failed to exhaust claims outside of the four instances of failure to promote alleged in her EEOC Charge (Doc. 68 at 2-9).  The Court agrees.

In a Title VII action, "[a]dministrative remedies are exhausted by the timely filing of a charge and the receipt of a right-to-sue letter." *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002), *overruled on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004).  "Nevertheless, the completion of that two-step process constitutes exhaustion only as to those allegations set forth in the EEOC charge and those claims that are reasonably related to such allegations." *Id.* (citing *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) ("A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC.")).

"[C]ourts should not use Title VII's administrative procedures as a trap for unwary *pro se* civil-rights plaintiffs." *Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir. 1996).  However, there is a difference between liberally construing a claim and "inventing, *ex nihilo*, a claim which simply was not made." *Id.* (internal quotation omitted).  A plaintiff "may not make a conclusory statement of … discrimination in the charge and then file suit on whatever facts or legal theory she may later decide upon." *Faibisch*, 304 F.3d at 803.

The decision in *Faibisch* is dispositive on the issue of exhaustion.[3]  *Id*.  There, the Eighth

Circuit Court of Appeals held that the plaintiff failed to exhaust her administrative remedies as to

her sex discrimination claim where she had merely checked the box indicating sex discrimination

and alleged "[she] was also treated with hostility and adversely, impacting the terms and

conditions of [her] employment, due to [her] gender/female." *Id*.  Similarly, in her EEOC

Charge, Plaintiff merely checked the boxes for race and sex discrimination and alleged "[f]or the

above reasons, I believe that I was not promoted, because of my race, African American [and]

my sex, female … in violation of Title VII of the Civil Rights Act of 1964, as amended" (Doc.

69-1).  Plaintiff "set forth no facts in the EEOC charge that established any connection between

the alleged [race and sex] discrimination and [the failure to promote]." *Faibisch*, 304 F.3d at

803; *see also Boyd v. BJC Health Sys.*, No. 4:17CV814 RLW, 2018 WL 620484, at *5 (E.D. Mo.

Jan. 29, 2018) (finding failure to exhaust where plaintiff "failed to set forth any facts in the

EEOC charge which would establish a connection between the alleged discrimination based on

race and disability and her termination" despite checking the boxes for race and disability).  The

Court finds that Plaintiff failed to exhaust her administrative remedies as to any claims of

discrimination based on race and sex or gender.

Furthermore, Plaintiff's EEOC Charge makes no mention of discrimination based on

pregnancy or a hostile work environment (Doc. 69-1).  The Court finds that Plaintiff failed to

exhaust her administrative remedies as to those claims. *See Boyd*, 2018 WL 620484 at *4–5;

*Nelson v. Manac Trailers, USA*, No. 1:12-CV-00162SNLJ, 2013 WL 2145921, at *2–3 (E.D.

Mo. May 15, 2013) (finding failure to exhaust a hostile work environment claim where plaintiff

---

[3] Plaintiff cites *Brooks v. Midwest Heart Group*, 655 F.3d 796 (8th Cir. 2011) to claim
she exhausted her administrative remedies as to any race and sex discrimination claims (Doc. 75
at 3-4).  *Brooks* stands for the proposition that the failure to mention a claim or check the box
amounts to a failure to exhaust, 655 F.3d at 801, not the inverse proposition: that a conclusory

checked a box indicating a claim for harassment but only alleged retaliation in the narrative portion of his charge).

Finally, Plaintiff's exhausted claims are limited to the four instances of retaliatory failure to promote between January 12, 2018 and March 3, 2020 alleged in her EEOC Charge.  *See Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015) ("'Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice' that must be individually addressed before the EEOC.") (quoting *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012) (per curiam)).

## B.  Remaining Claims

To survive a motion for summary judgment on a Title VII retaliation claim, a plaintiff must offer direct evidence of retaliation or create an inference of retaliation under the McDonnell Douglas burden-shifting framework.  *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 684 (8th Cir. 2012).  Under the burden-shifting analysis, the plaintiff bears the initial burden to establish a prima facie case.  *Id*.  This burden requires the plaintiff to demonstrate a causal connection between the protected conduct and the adverse action.  *Id*.  The plaintiff's ultimate burden is to prove an impermissible retaliatory motive was the "but-for cause" of the adverse employment action.  *Id.*  A party's unsupported self-serving allegation that her employer's decision was based on retaliation does not establish a genuine issue of material fact.  *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 857 (8th Cir. 2012).

Plaintiff has not made out a prima facie case as to causation.  Plaintiff concedes that the Scientific Marketing Intern position was canceled and that Plaintiff was not the most qualified candidate for the Process Engineer II position (Doc. 76 ¶¶ 41-42, 53).  The only remaining positions that could be subject to a failure-to-promote retaliation claim are the Process Engineer I

---

mention and checking the box amount to exhaustion.

and Manufacturing Supervisor positions. Plaintiff filed her Previous EEOC Charge on July 15, 2019 (*id.* ¶ 12). She applied for the Process Engineer I position on September 24, 2019 and was interviewed in December 2019 (*id.* ¶ 23). Thus, any adverse action involving that position took place no earlier than December 2019, at least four and a half months after Plaintiff's protected conduct. That temporal proximity alone is insufficient to establish a prima facie case as to causation. *See Kipp v. Missouri Highway & Transp. Comm'n.*, 280 F.3d 893, 897 (8th Cir. 2002) (holding interval of two months alone was insufficient as a matter of law to establish a causal link); *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close.") (internal quotation omitted). Furthermore, the only dates set forth as to when Plaintiff applied for the positions titled Manufacturing Supervisor are January 9, 2020 and spring of 2020[4] (Doc. 76 ¶ 44), so any adverse actions involving those positions were even more attenuated.

    Plaintiff has not set forth any evidence that the failure to promote her to the Process Engineer I or Manufacturing Supervisor positions had anything to do with her Previous EEOC Charge. Defendant is entitled to summary judgment. *See Brasch v. Peters*, 479 F. Supp. 2d 1045, 1069 (E.D. Mo. 2007) (finding plaintiff failed to establish a prima facie case of retaliation because "Plaintiff articulates only the existence of his prior EEO complaint to establish the causal connection, and this is insufficient").

---

[4] In addition, the Court notes that Plaintiff has not exhausted claims as to any applications after March 3, 2020, the "latest" date listed in her EEOC Charge (Doc. 69-1).

7

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. 60) is **GRANTED**.

A separate judgment will accompany this memorandum and order.

Dated this 5th day of December, 2022.

                                            /s/ Noelle C. Collins
                                     NOELLE C. COLLINS
                                      UNITED STATES MAGISTRATE JUDGE